# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **BEAULAH ANN GREENE** | **CIVIL ACTION NO. 13-1613** |
| VS. | JUDGE DOHERTY |
| **SMILE COMMUNITY ACTION AGENCY, ET AL** | MAGISTRATE JUDGE HILL |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel filed by *pro se* plaintiff, Beaulah Ann Greene, on June 12, 2013.[1] [rec. doc. 3].

The plaintiff seeks appointment of counsel in connection with this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the Rehabilitation Act of 1973, 29 U.S.C. § 794a *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA") and 42 U.S.C. § 1981a(2).

The principles governing the decision whether to appoint counsel for an ADA complainant are similar to those under Title VII. *Lampkin v. Texas Dept. of Public Safety*, 2013 WL 264541, *5 (W.D. Tex. Jan. 22, 2013); *Cole v. Orleans Parish Sheriff's Office*, 2011 WL 5119058, *2 (E.D. La. Oct. 28, 2011) (courts

---

[1] The Court granted plaintiff's Application to Proceed *in Forma Pauperis*. *See* Rec. Doc. 6.

utilize the same analysis for appointment of counsel requests in ADA cases as in Title VII cases). Such a decision lies "solely within the discretion of the court" and the ADA complainant has no absolute right to an appointed counsel. *Lampkin, supra* (*quoting Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D. Tex.1995)); *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir. 1990);(5th Cir. 1990) (*citing Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir.1977)).

The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. *Gonzalez*, 907 F.2d at 580. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. *See also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984).

The first factor requires a determination regarding plaintiff's efforts to obtain counsel. Plaintiff indicated that she contacted one attorney who did not have the time for her case, one who never called back and another who needed all documents. She also stated that she contacted AARP. Thus, this factor has been satisfied.

The second factor relates to the plaintiff's Application to Proceed *in Forma Pauperis*.  The Court granted plaintiff's motion to proceed *in forma pauperis* status.  [rec. doc. 6].  Consequently, the second factor has been satisfied.

Finally, with respect to the merits of plaintiff's claim, the court must consider the determination of the EEOC.  While an unfavorable determination must be considered, it cannot be given preclusive effect.  An adverse EEOC determination may "weigh heavily in the scales against appointing an attorney" only when the court finds "the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous."  *Caston*, 556 F.2d at 1309; *see also Neal*, 722 F.2d at 250.

The attachments to plaintiff's complaint indicate that claimant filed Charge No. 846-2011-87130 on January 6, 2012.  On March 12, 2013, the EEOC indicated that it was closing its file because "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

In *Neal*, the Fifth Circuit, in reviewing the Magistrate's denial of a request for an attorney, remanded the case, stating that "[t]he Magistrate in this case did nothing more than review the allegations in the complaint." *Neal* at 250.  Because very little information was contained in the attached EEOC documents, I find there

is insufficient information in the record at this time to make an evaluation of plaintiff's claim.

The Fifth Circuit has acknowledged the propriety of a Magistrate Judge's review of the EEOC investigative file for the purpose of evaluating the merit of a Title VII claim. *Neal,* 722 F.2d at 250. In the instant case, the EEOC's file is not in the record; thus, I will order the EEOC to file a copy of its investigative file of plaintiff's claims in this record.

**IT IS THEREFORE ORDERED** that the EEOC file a copy of its investigative file, including any computer-generated notes, regarding Beaulah A. Greene, Charge No. 846-2011-87130, by mail directed to the Clerk or Court or electronically to chambers, by **July 12, 2013.** Any documents as to which the EEOC asserts the deliberative information privilege shall be produced directly to the offices of the undersigned for *in camera* inspection**.**

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk shall mail a copy of the file to plaintiff. Plaintiff's response is due ten days from her receipt of the EEOC file.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, LA 70112.

Signed at Lafayette, Louisiana on June 13, 2013.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: EEOC
On: 6/13/2013
By: MBD